UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KWAMAIN BLASSINGAME,

                                          Plaintiff,       **COMPLAINT AND
JURY DEMAND**

                -against-

CORRECTION OFFICER LEON GARDNER,
CORRECTION OFFICER MARK WALKER, AND
CORRECTION OFFICER STEVEN LUCIANO,

                                Defendants.

------------------------------------------------------------------------ x

Plaintiff Kwamain Blassingame by his attorneys, Stoll, Glickman & Bellina, LLP, for his

Complaint alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff seeks relief for the violation of his rights

under the Fourth, Eighth and Fourteenth Amendments secured by 42 U.S.C. § 1983.

2.     The claim arises from a May 4, 2017 incident in which Officers of the New York State

Department of Corrections and Community Supervision ("DOCCS"), acting under color of state

law, intentionally assaulted Plaintiff and willfully subjected him to excessive use of force.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION AND VENUE

4.     This action arises under the Fourth, Eighth and Fourteenth Amendments to the United

States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and the doctrine of pendent jurisdiction.

6.     Venue is laid within the United States District Court for the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.     On May 4, 2017, Plaintiff Kwamain Blassingame was a sentenced prisoner in the custody of DOCCS at Sing Sing Correctional Facility ("Sing Sing"), in the jurisdiction of Westchester County, New York.

8.     Correction Officers Gardner, Walker and Luciano (collectively, "Defendant Officers"), were employees of DOCCS on May 4, 2017, and were acting in the capacities of agents, servants, and employees of the State, within the scope of their employment, and acting under color of state law.  On information and belief, Defendant Officers worked at Sing Sing at the time of the incident alleged in this Complaint and participated in, or witnessed and failed to intervene in, the assault of Plaintiff, and are sued in their individual capacities.

9.     At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## FACTS

10.     On May 4, 2017, Plaintiff was incarcerated in Sing Sing Correctional Facility, in the custody of DOCCS.

11.     At approximately 8:10AM., Plaintiff was leaving the B Block Mess Hall when he was approached by Correction Officer Gardner.

12.   CO Gardner aggressively confronted plaintiff about the crime for which he had been convicted.  CO Gardner threatened plaintiff and forcefully took him to the ground.

13.   Plaintiff was handcuffed and surrounded by CO Gardner and other DOCCS employees, including Correction Officer Walker and Correction Officer Luciano.  Plaintiff was then repeatedly struck in his face and body.

14.   Plaintiff begged the officers to stop but they did not relent.

15.   After the assault, Plaintiff was taken to the medical clinic and then to the hospital, where he was treated for injuries to his head, neck and face, including a fractured orbital bone. Plaintiff eventually needed surgery to repair the fracture.

16.   On an Inmate Misbehavior Report, correction officers falsely wrote that Plaintiff had assaulted the officers.  As a result of the false report, Plaintiff was found guilty at an infraction hearing and sentenced to time in the segregated housing unit ("SHU").

17.   At all times during the events described above, Defendant Officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

18.   During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

## DAMAGES

19.   As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a.   Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search

and seizure of his person;

b.  Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

c.  Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

d.  Physical pain and suffering;

e.  Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety.; and

f.  Deprivation of his liberty.

## FIRST CAUSE OF ACTION
42 USC §1983

20.     The above paragraphs are here incorporated by reference.

21.     By repeatedly punching and striking Plaintiff without provocation and with no penological purpose, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth Amendment to the United States Constitution.

22.     Correction Officers Gardner, Walker and Luciano violated Plaintiff's due process rights by filing false charges against Plaintiff in order to conceal their and their fellow officers' use of cruel and unusual punishment.  Plaintiff was deprived of his liberty while in solitary confinement as a result of these false charges and false statements.

22.     As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.       In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.       Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.       Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.       Granting such other and further relief as this Court deems just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:       September 24, 2018
             Brooklyn, New York


Respectfully yours,

TO:    Correction Officer Gardner
       Correction Officer Luciano       Nicole Bellina, Esq.
       Correction Officer Walker        Stoll, Glickman & Bellina, LLP
       Sing Sing Correctional Facility  300 Cadman Plaza West Fl.12
       354 Hunter Street                Brooklyn, NY  11201
       Ossining, NY 10562-5442          (718) 852-3710
                                        nbellina@stollglickman.com